UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARUNA CONTEH,

        Petitioner,

v.

WILLIAM BARR, United States Attorney General, *et al.*,

        Respondents.

**DECISION AND ORDER**

6:20-CV-06520 EAW

## INTRODUCTION

*Pro se* petitioner Aruna Conteh ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner contends that his continued detention violates his right to due process. (*Id.*). For the reasons that follow, the Court denies the petition.

## BACKGROUND

### I. Factual Background

Petitioner is a native and citizen of Sierra Leone. (Dkt. 5-1 at ¶ 5). He entered the United States in 2004, after being granted derivative refugee status through his mother. (*Id.*). Petitioner did not thereafter adjust his status to that of a lawful permanent resident. (*Id.* ). Petitioner was subsequently convicted of several crimes, resulting in the termination of his refugee status. (*Id.*).

On March 10, 2015, while in criminal custody, Petitioner was served with a Notice to Appear alleging that he was subject to removal from the United States pursuant to various sections of the Immigration and Nationality Act (the "INA") because he was not a citizen and had "numerous criminal convictions," including convictions for improper handling of a firearm in a motor vehicle and robbery. (*Id.* at ¶¶ 8-10). Petitioner was ordered removed from the United States on May 26, 2017. (*Id.* at ¶ 13). Petitioner never appealed his order of removal. (*Id.*).

On June 26, 2019, Petitioner was released from criminal incarceration and taken into custody by United States Immigration and Customs Enforcement ("ICE"). (*Id.* at ¶ 14). ICE subsequently determined that Petitioner presented a risk to public safety and would be detained pending removal. (*Id.* at ¶ 16).

ICE has been in contact with the Embassy of the Republic of Sierra Leone in an effort to obtain travel documents for Petitioner. (*Id.* at ¶ 15). In support of that effort, Petitioner was interviewed by a representative of the government of Sierra Leone on August 7, 2020. (*Id.* at ¶ 23). There are no institutional barriers to Petitioner's removal to Sierra Leone and the Department of Homeland Security "has removed dozens of aliens to Sierra Leone" in recent years. (*Id.* at ¶ 24).

## II. Procedural Background

Petitioner filed his petition on July 21, 2020. (Dkt. 1). Respondents filed their answer and return in response to the petition on September 9, 2020. (Dkt. 5). Petitioner did not file a reply.

## DISCUSSION

**I.     Jurisdiction**

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases. *See* 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases). District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

**II.    Legal framework**

As an initial matter, the Court notes that in the petition, Petitioner cites cases and makes arguments that deal with unreasonably prolonged detention during removal proceedings. (*See, e.g.,* Dkt. 1 at 4-8). However, Petitioner is subject to a final order of removal, and so these authorities do not apply to his detention. Instead, Petitioner's detention is governed by 8 U.S.C. § 1231(a)(6) and *Zadvydas*.

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *Zadvydas*, 533 U.S. at 682. After expiration of the 90-

day removal period, § 1231(a)(6) allows the Government to continue to detain certain classes of aliens or to release them, subject to appropriate terms of supervision.  *Id*.

In *Zadvydas*, the Supreme Court read "an implicit limitation into" § 1231(a)(6), holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  533 U.S. at 689.  The *Zadvydas* Court further adopted a 6-month "presumptively reasonable period of detention," and instructed that "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id*. at 701; *see also Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003)  ("The [*Zadvydas*] Court stated that detention is presumptively reasonable for six months following a final removal order, and that, after the first six months, detention violates § 241 if (1) an alien demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future and (2) the government is unable to rebut this showing.").

### III.  Petitioner has not satisfied his initial burden

As noted above, Petitioner bears the initial burden to demonstrate that there is good reason to believe there is no significant likelihood he will be removed in the reasonably foreseeable future.  *See Pineda v. Shanahan*, 258 F. Supp. 3d 372, 379 (S.D.N.Y. 2017) (noting that *Zadvydas* "places an initial burden on the detainee").  "In analyzing the likelihood of removal, courts consider a variety of factors, including the existence of a repatriation agreement with the target country, the target country's prior record of

accepting removed aliens, and specific assurances from the target country regarding its willingness to accept an alien." *Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *4 (W.D.N.Y. Jan. 2, 2019).

Here, Respondents do not contest that the 6-month presumptively reasonable period of detention has expired. Accordingly, the Court must assess whether Petitioner has demonstrated good reason to believe that there is not a significant likelihood of his removal in the reasonably foreseeable future. The Court concludes that he has not. Indeed, Petitioner does not address the likelihood of his removal at all in the petition and makes no arguments about the time frame in which his removal is anticipated.

Further, even assuming that Petitioner had satisfied his initial burden, Respondents have come forward with evidence sufficient to require denial of the petition. In particular, Respondents have presented evidence that ICE has been actively working to obtain travel documents to facilitate Petitioner's removal to Sierra Leone and that Petitioner was recently interviewed by the government of Sierra Leone in connection with those efforts. Coupled with the lack of any institutional barriers to Petitioner's removal, these facts are sufficient to demonstrate that Petitioner's removal is likely in the reasonably foreseeable future. According, there is no basis on the record before the Court for granting any relief to Petitioner.

However, the Court notes that "[w]hat constitutes the 'reasonably foreseeable future' will depend on the length of detention." *Hassoun*, 2019 WL 78984, at *4.; *see Zadvydas*, 533 U.S. at 701 ("[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."). "In

effect, the parties' respective burdens shift as the length of detention increases." *Hassoun*, 2019 WL 78984, at *4. The Court thus finds it appropriate to deny the petition without prejudice, and subject to renewal after 90 days in the event Petitioner has not been removed.

## **CONCLUSION**

For the foregoing reasons, the Court denies the petition without prejudice, subject to renewal within 90 days in the event the Petitioner has not been removed. The Clerk of Court is instructed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      December 21, 2020
            Rochester, New York